White, J.
The cause of action in this case is claimed to-arise on the act of April 4, 1866, amending section 3 of the act further to. prescribe the duties of county commis•sioners, passed April 8,1856. 63 Ohio L. 93.
In the passage of the amendatory act, the proviso, doubtless by inadvertence, is made to precede the main body of *399 the section. The transposition, however, does not affect the sense.
In the main body of the section, it is provided that the county commissioners shall not thereafter make any purchase, or enter into any contract or engagement for the erection of any infirmary, court-house, jail, bridge, culvert, or :any other public building or improvement, by which the ■expenditure of a larger amount of money is involved than ten thousand dollars, without first submitting the policy of •such outlay to the voters of the county at an election in the mode prescribed. And it is declared that all purchases made, or contracts entered into, contrary to the above provision, shall be absolutely void as against the county, unless the policy of such outlay shall first have been approved by a majority of -the votes cast at such election.
Then follows a proviso which it is not necessary to notice.
The proviso containing the clause in controversy is as follows:
“ Provided, also, that in all cases where, by freshet, fire, tempest, or other casualty, any bridge or bridges in any county has been or shall be destroyed, in whole or in part, so as to impede or render unsafe the public travel, and, in the opinion of the county commissioners of such county, the exigencies of the public and the safety of public travel will not admit of the delay in building or restoring such bridge or bridges as may be required for the purpose of submitting the question to the voters of such county, as is above provided, then, and in such cases, it shall be lawful for the commissioners of such county, .without first submitting the same to the voters of the county, to borrow any sum of money which maybe necessary to rebuild or restore such bridge or bridges, not exceeding the sum of fifteen thousand dollars.” Then follows authority to issue bonds for the debt so contracted, and to levy an extra tax to pay them.
Next comes the clause on which the action is founded. It is as follows:
*400 “ That whenever any one or more of the principal public-highways have been so greatly damaged, or entirely destroyed, by freshet, land-slide, wearing or changing of water-course, or other unavoidable casualty, on or near the lines of two or more counties, which said counties shall be-traversed by the road or roads so damaged, the commissioners of said counties interested shall repair such damages by erecting a bridge or bridges, changing said road,, or by earth-work, as said commissioners may deem expedient, to be paid for in equal proportions by said commissioners.”
The fourth section of the original act declares, that “ it shall be essential to the validity of every contract entered, into by the county commissioners, or order made by them,, that the same shall have been assented to at a regular or special session thereof, and entered in the minutes of their proceedings by the auditor.”
By the act establishing boards of county commissioners,, and px-escribing their duties, power is given to such boards to make any necessary order or contract in relation to the-building and repairing of bridges within their respective-counties; and if any bridge or bridges within any county shall be destroyed, authority is given the commissioners to have the same rebuilt, if they believe the public interest will be subserved thereby. 1 S. & C. 245, sec. 11.
The act of May 1, 1852, authorizing the commissioners-of two or more counties to build bridges jointly, in certain cases, provides, “ That whenever it shall become necessary for the public convenience to bridge any stream of water which shall be on or near the lines of two or more counties,, which said counties shall be traversed by the road or roads on which said bridge is needed, it shall be lawful for the commissioners of such counties interested to build or authorize the building of such bridge jointly, to be paid for in proportion as said commissioners may agree upon.” 1 S. & C. 249.
The foregoing being the state of legislation bearing on the subject, the question is : Does the petition show a cause of actiou ?
*401 No argument is necessary to show that a suit can not be brought by one county against another, except for a cause authorized by statute. The counties themselves being the creatures of the statute, all their rights and liabilities must, originate from the same source.
Authority is conferred upon the commissioners to build or repair bridges in their respective counties, when the same is required by the public interest. So, also, when it is necessary for the public convenience to bridge a stream which is on or near the lines of several counties, traversed by the roads on which the bridge is needed, the commissioners of such counties are authorized by their joint action to build such bridge.
In these cases no liability is created against the county,, except for work which has been authorized to be done by the commissioners.
In the case before us, the bridge was built solely under the authority and direction of the commissioners of Ashtabula county.
The clauses of the statute relied on to support the action,, contemplates, under the circumstances therein described,, the joint action of the commissioners of the several counties interested in repairing the highway. But before the duty of making the repairs attaches, under this clause, to the commissioners of either couuty, their concurrence is¡ required as to the expediency of the work proposed to be done. The determination of such expediency requiresthe exercise of judgment and discretion on the part of the commissioners of each county, of which they can not be deprived-
■ "Where it is the duty of a board to exercise its discretion,, and it refuses to act, it may be compelled to do so by mandamus; but the writ can not be used to control the discretion of the board. Whether resort could have been had to this remedy to compel the commissioners of Lake county to act in reference to the repairing of the highway in question, it is unnecessary here to inquire.
The fact that they refused to concur in the doing of th& *402 work that was done, precl udes any right of recovery against them on account thereof.

Judgment of the District Court reversed, and that of the 'Court of Common Pleas affirmed.

Day, C. J., MoIlvaine and Rex, JJ., concurring. Welch, J., not sitting.